IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICK D. LABRUM,**

                    **Petitioner,**

      v.                                  CASE NO. 18-3003-SAC

**SAM CLINE,**

                    **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se. The Court has conducted a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the Court directs petitioner to show cause why this matter should not be dismissed as time-barred.

**Background**

For purposes of the initial review of the petition, the Court accepts the procedural and factual background set out by the Kansas Court of Appeals:

> In 2002, a jury convicted Labrum of five counts of rape, one count of aggravated criminal sodomy, four counts of aggravated indecent liberties with a child, and three counts of sexual exploitation of a child based on evidence that he had sexually abused his daughter over a 3-year period. The district court sentenced Labrum to a total of 257 months in prison. He appealed on several grounds, including that his constitutional right to a speedy trial had been violated. This court rejected his arguments and affirmed his convictions on direct appeal. *See State v. Labrum*, No., 89,621, 2004 WL 1443895 (Kan.App.)(unpublished opinion), *rev. denied*, 278 Kan. 850 (2004)(*Labrum I*).

In November 2004, Labrum filed a pro se petition for writ of habeas corpus under K.S.A. 60-1507, arguing that his speedy trial right had been violated, the statutory time limit to prosecute him had run, his confession was coerced, and his trial attorneys had been ineffective. After appointing an attorney for Labrum, the district court noted that the Kansas Court of Appeals had already decided many of the allegations in his direct appeal but held a hearing and denied the ineffective assistance of counsel claim. On appeal, Labrum raised only the ineffective assistance of counsel claim and abandoned the remaining issues. A panel of this court held that Labrum had failed to prove his counsel's performance was deficient or had prejudiced him. *Labrum v. State*, No. 960710, 2008 WL 440513, at *1-3 (Kan.App.)(unpublished opinion), *rev. denied* 286 Kan. 1178 (2008)(*Labrum II*).

In May 2012, Labrum, with the assistance of an attorney, filed a second petition for writ of habeas corpus under K.S.A. 60-1507, contending that his speedy trial right had been violated. This court affirmed the district court's summary dismissal since the issue was raised and addressed in the direct appeal and the motion had been filed outside the statutory time limit. *Labrum v. State*, No. 109918, 2014 WL 177942, at *8 (Kan.App. 2014)(*Labrum III*).

*State v. Labrum*, 379 P.3d 1155(Table), 2016 WL 5344099 (Kan.App. 2016) rev. denied, Aug. 29, 2017.

**Analysis**

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a one-year limitation period applies to habeas corpus petitions brought under 28 U.S.C. §2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

>   Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A)-(D).

The one-year limitation period generally runs from the date the judgment becomes final, as provided by § 2244(d)(1)(A), unless the petitioner asserts facts that implicate any of the remaining provisions. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Under the AEDPA, the limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending". 28 U.S.C. §2244(d)(2).

Finally, equitable tolling of the limitation period is available in narrow circumstances. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010)(stating that § 2244(d) "is subject to equitable tolling"). A petitioner seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, the Kansas Supreme Court denied review in petitioner's direct appeal on September 14, 2004, and the time for seeking review in the United States Supreme Court expired ninety days later. *See Locke v. Saffle*, 237 F.3d 1269 (10th Cir. 2001)(habeas corpus limitation period begins to run after the time for filing a writ of certiorari, whether or not the petitioner actually files such a petition). Ordinarily, the one-year limitation period would begin to run at that time, but, because petitioner filed a petition for writ of habeas corpus under K.S.A. 60-1507 in November 2004, the limitation period was statutorily tolled and remained tolled until the petition for review was denied in that action on May 28, 2008. The limitation period began to run and expired one year later.

The next action petitioner commenced, according to the summary prepared by the Kansas Court of Appeals, was filed in May 2012, long after the limitation period expired in 2009. Therefore, the present petition is not timely unless petitioner can show some ground for tolling, either statutory or equitable, existed between that time and the filing of his next state court action in May 2012.

Accordingly, the Court will direct petitioner to show cause why this matter should not be dismissed due to his failure to commence his federal petition for habeas corpus within the one-year limitation period or to show any grounds for statutory or equitable tolling.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **February 5, 2018,** to show cause why this matter should not be dismissed as time-barred. The failure to file a timely response

may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 5th day of January, 2018, at Topeka, Kansas.

                                      S/ Sam A. Crow  
                                      SAM A. CROW  
                                      U.S. Senior District Judge