**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RICK LABRUM,**

                **Petitioner,**

       **v.**                                 **CASE NO. 18-3003-SAC**

**SAM CLINE,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On January 5, 2018, the Court entered a Notice and Order to Show Cause (NOSC) on January 5, 2018, directing petitioner to show cause why this matter should not be dismissed due to his failure to file the petition within the one-year limitation period under 28 U.S.C. § 2244(d). Petitioner filed a timely response.

### Background

As set forth in the NOSC, petitioner was convicted in 2002, and his convictions were affirmed in 2004. In late 2004, he filed a state post-conviction action. The denial of relief in that action was affirmed in 2008. The one-year limitation period began to run in May 2008 and expired in 2009. Petitioner took no action during that period to statutorily toll the limitation period.

In 2012, petitioner filed a second post-conviction action, and the denial of relief was affirmed in 2017. Petitioner filed this federal action in January 2018[1].

---

[1] Petitioner states that he commenced this habeas corpus action in November 2017. Because the filing of the action at that time would not change the Court's analysis, this Order uses the filing date recorded on the Court's docket.

**Discussion**

In habeas corpus, equitable tolling is available in only "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). A petitioner seeking equitable tolling much show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(quotations omitted). A petitioner must show specific facts to support a claim of extraordinary circumstances and due diligence. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Extraordinary circumstances that may warrant equitable tolling include a petitioner's actual innocence, such as where an adversary's misconduct prevents timely filing, or where the petitioner actively pursues remedies but files a defective pleading within the limitation period. *Gibson*, 232 F.3d at 808. Likewise, an attorney's misconduct or error, if egregious, may create a qualifying extraordinary circumstance. *Holland*, 560 U.S. at 651.

Petitioner seeks equitable tolling on the ground of manifest injustice, and he makes several arguments, including that he was denied a speedy trial, that records were altered, that transcripts contained perjured testimony, and that his counsel was ineffective.

The Court has examined the record and finds no specific circumstance or event that is a sufficient basis for equitable tolling. Petitioner's claims are not supported by specific details, nor does his claim that he was diligent in pursuing his claims persuade the Court that he has established any ground for equitable tolling.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed as time-barred.

**IT IS SO ORDERED.**

DATED:  This 15th day of March, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge